881 P.2d 347

**In the Matter of an Inactive Member of the State Bar of Arizona, Land WAY-LAND, Bar No. 003151, Respondent.**

No. SB–94–0055–D.
Comm. No. 93–1938.

Supreme Court of Arizona.

Sept. 23, 1994.

---

**2.**  Rule 53(c)(1).

Yigael M. Cohen, James D. Lee, State Bar Co–Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that **LAND WAYLAND,** an inactive member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of two years effective as of August 19, 1993, and that execution of that suspension be stayed, which is the identical discipline imposed by the Supreme Court of California, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **LAND WAYLAND** shall be placed on probation for a period of two years, effective as of August 19, 1993, which is the date **LAND WAYLAND** was placed on probation by order of the Supreme Court of California, under terms consistent with the terms imposed by the Supreme Court of California, including the term ordering a nine-month suspension, in addition to the following terms and conditions:

1. The respondent shall submit copies to the State Bar of Arizona of all written reports submitted to the California probation monitor-referee and California State Bar Court, under the same terms as he is required to report to the disciplinary agency in California.

2. Should the respondent fail to comply with the terms of his probation or fail to make a timely report to the State Bar of Arizona, the State Bar shall file a notice of non-compliance with the disciplinary clerk, who shall assign the matter to a hearing committee or officer. The respondent shall be given an opportunity to be heard, after which the hearing committee or officer can make a recommendation to the Disciplinary Commission.

IT IS FURTHER ORDERED that **LAND WAYLAND** shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **LAND WAYLAND** shall pay the costs of these proceedings in the amount of $238.20, together with interest at the legal rate from the date of this judgment and order.

### EXHIBIT A

#### BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. No. 93–1938

In the Matter of
LAND WAYLAND
Attorney No. 003151,
an Inactive Member of the
State Bar of Arizona,
RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed April 6, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on February 12, 1994, for its determination of whether to impose the same discipline upon the respondent as that imposed by the

Supreme Court of California;[1] that is, suspension, probation, and the passing of the California Professional Responsibility Examination.

### Decision

A concurrence of eight members of the Commission, with one member dissenting,[2] recommends that the respondent, Land Wayland ("Wayland"), receive the identical sanction to that imposed by the Supreme Court of California; that is, that Wayland be suspended for a period of two years, that execution of that suspension be stayed, and that he be placed on probation for a period of two years, the first term of which shall be an actual nine-month suspension.[3] By a concurrence of the same eight members, the Commission also recommends that the effective dates of both the suspension and probationary period be retroactive to and concurrent with those imposed in the state of California.[4]

### Terms of Probation

In addition to those probationary terms imposed by the Supreme Court of California, the Commission recommends the following:

1. Wayland shall submit copies to the State Bar of Arizona of all written reports submitted to the California probation monitor-referee and California State Bar Court, under the same terms as he is required to report to the disciplinary agency in California.

2. Should Wayland fail to comply with the terms of his probation or fail to make a timely report to the State Bar of Arizona, the State Bar shall file a notice of non-compliance with the disciplinary clerk, who shall assign the matter to a hearing committee or officer. Wayland shall be given an opportunity to be heard, after which the hearing committee or officer can make a recommendation to the Disciplinary Commission.

### Facts

Wayland is a lawyer whose primary practice is in the state of California. He is also an inactive member of the State Bar of Arizona. Wayland stipulated to the facts in this matter in the California proceedings, as well as to the discipline imposed by the California Supreme Court.

The misconduct at issue concerns Wayland's mishandling of the case of one client. From the period of December 1990 to March 1992, Wayland repeatedly misrepresented the status of the case to the client, and consequently gave her a doctored document to cover up the fact that he had not performed the services for which he was employed.

In July 1989, Wayland was retained by the client to represent her in obtaining a visa that would allow her to work in the United States on a temporary basis, after receiving an offer of employment from a bank. Wayland prepared the application, had it signed by the client, and filed it with the Immigration Service. It was approved without incident.

---

1. This matter comes before the Commission pursuant to Rule 58, Ariz.R.S.Ct., concerning reciprocal discipline. Rule 58(a) provides that, upon being disciplined in another jurisdiction, a lawyer admitted to practice in Arizona shall immediately notify the State Bar of Arizona of such action. Rule 58(d) provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall conclusively establish the misconduct for the purposes of disciplinary proceedings in this state. Rule 58(c) provides that, unless specific elements exist, as detailed below, the Commission shall impose or recommend identical discipline.

2. Commissioner Greer dissented, stating that she strongly believed the sanction was disproportionately light.

3. The California Supreme Court also ordered Wayland to take and pass the California Professional Responsibility Examination given by the California Committee of Bar Examiners and to attend the State Bar Ethics School. In addition, the probation imposed in California included quarterly reports to the State Bar Court and a probation monitor-referee. Because Wayland is currently an inactive member in this state, the Commission did not order these same terms for Wayland's Arizona practice.

4. On July 20, 1993, the Supreme Court of California issued its order of suspension and probation. That order became effective on August 19, 1993.

In December 1990 this client again retained Wayland to represent her in obtaining a permanent residence visa based on the same employment. She paid Wayland $1,100 as advance attorney's fees. Wayland prepared the initial set of forms, had them signed by the client, and filed them with the California Employment Development Department ("EDD") to initiate the process.

In March 1991, EDD requested additional information from Wayland on the client's job. Although Wayland obtained the information, he inadvertently placed it in the client's file and never forwarded it to EDD.

On May 15, 1991, the client's employer received notice that the client's application had been canceled due to Wayland's failure to timely respond. The client immediately telephoned Wayland, who told her not to worry as it was an error on the part of EDD. Wayland assured her that she would receive a letter from EDD within three weeks concerning the next step in the process.

When the client did not hear anything for about four weeks, she called EDD numerous times, and was repeatedly told that her case had been canceled. After each conversation with EDD, the client called Wayland, who repeatedly denied that the case was dismissed and assured her that he was taking care of the matter.

On June 10, 1991, the client went to Wayland's office and demanded a receipt for the certified mailing of her application to EDD. Wayland stated that he had not mailed the application by certified mail. The client then instructed Wayland to resubmit the application, as EDD had informed her that the application had been returned to him for resubmission. Wayland falsely denied that the application had been returned to him.

In July 1991, after dozens of telephone calls regarding the status of the case, Wayland falsely told the client that EDD had sent him a letter, but mailed it to the wrong address. Wayland also told her that EDD wanted him to send a response letter on her employer's letterhead. The client prepared the letter and gave it to Wayland for mailing. Wayland told her that EDD would notify her within two weeks of its approval to begin the next step in the process.

When two weeks passed without notice from EDD, the client again called her contact at EDD, who told her that EDD had neither received nor requested such a letter from Wayland, and that her account had been closed since May. When the client confronted Wayland with this information, he told her that her contact was unaware of what was going on, and that she should not rely upon the information supplied by EDD's computer. Wayland again assured his client that he would straighten things out.

When the client telephoned Wayland on October 8, Wayland told her that he had just received a letter from EDD concerning the next step. When the client stated she had not received a copy, Wayland told her it was probably in the mail. When she received nothing within a few days, the client asked Wayland to fax her a copy. Wayland stated that his fax machine was broken, but that he would fax it when the machine was repaired. Although Wayland agreed to mail her a copy, he failed to do so.

On October 11, 1991, the client telephoned Wayland and again asked him to fax her a copy. Wayland again stated that his fax machine was broken. However, the client had learned earlier that day, from Wayland's secretary, that there had never been any problems with the fax machine. When confronted with this information, Wayland agreed to fax her the letter immediately. He failed to do so.

On October 15, the client went to Wayland's office to obtain a copy of the letter. Wayland told her that he had left her file at home. The client, who was extremely upset at this point, told him she would pick it up the next day.

The client was very suspicious when she picked up the letter the next day, as it appeared that the name had been "whited out," the case number did not match up with the attached pages, and it was not signed. The client telephoned the person at EDD who had supposedly written the letter, and was told she had sent no such letter to Wayland

and, again, that the client's case had been closed since May 1991.

In March 1992, the client terminated Wayland's employment, and requested a full refund of attorney's fees paid. In May 1992, Wayland refunded the unearned fees to the client.

### Discussion of Decision

This matter is directly before the Commission pursuant to Rule 58 dealing with reciprocal discipline. Rule 58(c) provides, in part:

[T]he commission shall impose or recommend the identical discipline, unless bar counsel or respondent demonstrates or the commission finds that upon the face of the record from which the discipline is predicated, it clearly appears that:

1. The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

2. There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the commission could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject; or

3. The imposition of the same discipline would result in grave injustice; or

4. The misconduct established warrants substantially different discipline in this state.

Neither the State Bar nor Wayland filed an objection to the imposition of the identical discipline in Arizona, and the Commission finds no lack of due process or infirmity of proof in the California proceedings. The Commission notes that Wayland stipulated to the above-described conduct, as well as to the discipline imposed in California.

In determining whether the misconduct established warrants substantially different discipline, or whether the imposition of the same discipline would result in grave injustice, the Commission considered the American Bar Association's *Standards for Imposing Lawyer Sanctions*, which is the guideline

used by our Supreme Court. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Standards indicate suspension is appropriate in this matter.

The most important ethical duties a lawyer has are those obligations which he owes to his clients,[5] and include the duty of diligence and the duty of candor. Wayland violated both. Standard 4.42, concerning lack of diligence, provides for suspension when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect and causes injury or potential injury to a client. Standard 4.62, addressing lack of candor, provides for suspension when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.

Wayland also violated his duty owed as a professional to maintain the integrity of the legal profession. Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. By repeatedly misleading his client and falsifying a document to corroborate his misrepresentations, Wayland has breached that duty.

In light of the Standards, the Commission believes a period of suspension is required. The California State Bar Court found that the suspension and probation set forth above were appropriate sanctions for Wayland's misconduct. Upon review of the stipulation between Wayland and the California State Bar Examiner, the recommendation of the California State Bar Court Judge, the order of the California Supreme Court, the ABA Standards, and the record before it, the Commission has determined that none of the elements required to modify the discipline imposed by the Supreme Court of California under Rule 58(c) exist. Therefore, the Commission recommends that Wayland receive the identical discipline imposed by the Su-

---

5. Theoretical Framework to Standards, p. 5.

**20**

preme Court of California, with the addition of the probationary terms indicated above.

RESPECTFULLY SUBMITTED this <u>6th</u> day of <u>APRIL</u>, 1994.

/s/ <u>Steven L. Bossé</u>
Steven L. Bossé, Chair
Disciplinary Commission